# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

ROBERT N. MARKLAND, as the Personal
Representative of the Estate of CAROLYN
S. MARKLAND, Deceased,

      Plaintiff,

                                    Case No.: 3:16-cv-997-J-34-PDB

v.

INSYS THERAPEUTICS, INC.,
a Delaware Corporation,

      Defendant.

_____/

## CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to

Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
| --- | --- |
| **Mandatory Initial Disclosures** (pursuant to Fed.R.Civ.P. 26(a)(1) as amended effective December 1, 2000) [Court recommends 30 days after CMR meeting] | November 1, 2016 |
| **Certificate of Interested Persons and Corporate Disclosure Statement** [each party who has not previously filed must file immediately] | Defendant previously filed; Plaintiff will file by October 1, 2016. |
| **Motions to Add Parties or to Amend Pleadings** | October 13, 2016 |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Fact Discovery** | December 31, 2017 |
| **Disclosure of Expert Reports**<br>Plaintiff:<br>Defendant: | January 10, 2018<br>February 10, 2018 |
| **Discovery Deadline**<br>[Court recommends 5 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | March 15, 2018 |
| **Dispositive Motions and *Daubert* Motions**<br><br>[Court recommends no less than 4 months before trial] | March 30, 2018 |
| **Trial Term Begins**<br>[Local Rule 3.05 (c)(2)(E) sets goal of trial within 1 year of filing complaint in most Track Two cases, and within 2 years in all Track Two cases; trial term ***must not*** be less than 4 months after dispositive motions deadline (unless filing of such motions is waived).   Trials before the District Judge will generally be set on a rolling trial term toward the beginning of each month, with a Final Pretrial Conference to be set by the Court the preceding month.   If the parties consent to trial before the Magistrate Judge, they will be set for a date certain after consulation with the parties.] | August, 2018 |
| **Estimated Length of Trial** [trial days] | 7-15 Days |
| **Jury / Non-Jury** | Jury |
| **Mediation**                                        Deadline:<br><br>The parties will agree on a mediator and place of mediation by March 1, 2018.<br><br>[Mediation is mandatory in most Track Two cases; Court recommends either 2-3 months after CMR meeting, or just after discovery deadline; if the parties do not so designate, the Court will designate the mediator and the deadline for mediation.   A list of certified mediators is available on the Court's website and from the Clerk's Office.] | April 15, 2018 |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| | |
| All Parties Consent to Proceed Before Magistrate Judge | Yes____  No__**X**__ <br><br> Likely to Agree in Future _____ |

## I.    Meeting of Parties

Lead counsel shall meet *in person* or, upon agreement of all parties, by telephone. (If all parties agree to conduct the case management conference by telephone, they may do so without filing a motion with the Court.)   Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on Monday, September 12, 2016 at 2:30 pm and was attended by:

Name                               Counsel for (if applicable)

| Name | Counsel for (if applicable) |
|---|---|
| | |
| Adam Schwartz, Esq. <br> Mariko Shitama Outman, Esq. <br> Carlton Fields Jorden Burt, P.A. | Counsel for Defendant <br> Insys Therapeutics, Inc. |
| C. Wayne Alford, Esq. <br> Alford Law Group, P.A. | Counsel for Plaintiff <br> Robert N. Markland |

## II.    Preliminary Pretrial Conference

Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are **mandatory in Track Three cases**.

Track Two cases:  The parties [___] request [ **X** ] do not request a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case.   Unresolved issues to be addressed at such a conference include:

_____

_____

_____

## III.   Pre-Discovery Initial Disclosures of Core Information

**Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures**

The parties [__] have exchanged [ **X** ] agree to exchange information described in Fed.R.Civ.P. 26(a)(1)(A) - (D) by **November 1, 2016**.

## IV.   Agreed Discovery Plan for Plaintiffs and Defendants

### A.   Certificate of Interested Persons and Corporate Disclosure Statement

This Court makes an active effort to screen every case in order to identify parties and interested corporations in which the assigned judge may be a shareholder, as well as for toehr matters that might require consideration of recusal.   Therefore, each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee shall file and serve within **fourteen (14)** days from that party's first appearance a Certificate of Interested Persons and Corporate Disclsoure Statement using the attached mandatory form.   No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement.   All papers, including emergency motions, are subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement.   <u>Any party who has not already filed and served the required certificate is required to do so **immediately**</u>.   Each party has a continuing obligation to file and serve an amended Certificate of Interested Persons and Corporate Disclosure Statement within eleven days of 1) discovering any ground for amendment, including notice of case reassignment to a different judicial officer; or 2) discovering any ground for

4

recusal or disqualification of a judicial officer.   A party should not routinely list an assigned district judge or magistrate as an "interested person" absent some non-judicial interest.

Defendant has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current.   Plaintiff will file a Certificate of Interested Persons and Corporate Disclosure Statement by **October 1, 2016**.

**B.     Discovery Plan/Deadline**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03.   Parties should exchange discovery in the most efficient way, which usually means electronically.   In propounding and responding to discovery, the parties are directed to consult and comply with the Federal Rules of Civil Procedrue, the Local Rules of the United States District Court for the Middle District of Florida, and the Middle District of Florida's Discovery Handbook, available on the Court's website: www.flmd.uscourts.gov/forms/Civil/2015-Civil_Procedure_Handbook.pdf.   Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline.   The Court may deny as untimely all motions to compel filed after the discovery deadline or those that fail to comply with the meet and confer requirements contained in Local Rule 3.10(g).   The Court notes that the words "confer" and "good faith" contemplate the parties will exchange thoughts and arguments to try to resolve an issue and will not simply engage in unilateral noticing that a motion will be filed.   In addition to agreeing to comply with the above, the parties agree as follows:

_____

_____

### C.      Confidentiality Agreements/Motions to File Under Seal

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal.  The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need.

The parties may reach their own agreement (without Court endorsement) regarding the designation of materials as "confidential."  The Court discourages unnecessary stipulated motions for a protective order.   The Court will enforce appropriate stipulated and signed confidentiality agreements.  *See* Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need."   With respect to confidentiality agreements, the parties agree as follows:

The parties, through their respective counsel, are meeting and conferring on a stipulated confidentiality agreement regarding the preservation of the confidentiality of certain documents, materials, electronically-stored information, or other things disclosed and produced in this litigation that contain trade secrets or other confidential research, development or commercial information, as well as other information protected from disclosure by applicable law.   The parties are also conferring on a stipulated proposed order under Federal Rule of Evidence 502(d) relating to privileged materials, as well as an agreed HIPAA protective order or HIPAA release authorization for the release of medical records.

6

**D.     Disclosure or Discovery of Electronically Stored Information and Assertion of Claims of Privilege**

Pursuant to Fed. R. Civ. P. 26(f)(3), the parties have made the following agreements regarding the disclosure and discovery of electronically stored information as well as the assertion of claims of privilege or protection of trial preparation materials after production:  See parties' statement regarding confidentiality and electronically-stored information in Section IV(c) above.

**V.     Mediation**

Absent a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules.   The list of mediators is available from the Clerk, and is posted on the Court's web site at www.flmd.uscourts.gov.   If the parties do not so designate, the Court will designate the mediator and the deadline for mediation.

The parties agree to mediate this case before a mediator on **April 15, 2018**.   The parties agree to decide on a mediator and a place of mediation by **March 1, 2018**.

**VI.    Requests for Special Handling**

Requests for special condideration or handling (requests may be joint or unilateral):

None at the present time.

Date: September 13, 2016

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties).

**Alford Law Group, P.A.**                    **Carlton Fields Jorden Burt, P.A.**


*/s/ C. Wayne Alford*
C. Wayne Alford                               */s/ Adam P. Schwartz*
Florida Bar No. 103380                        Adam P. Schwartz
Charles W. Alford, Jr.                        Florida Bar Number: 83178
Florida Bar No. 175625                        aschwartz@carltonfields.com
8833 Perimeter Park Blvd.                     Mariko Shitama Outman
Suite 104                                     Florida Bar Number: 106681
Jacksonville, FL 32216                        msoutman@carltonfields.com
Tel: (904) 642-9899                           4221 W. Boy Scout Boulevard Ste. 1000
Fax: (904) 642-9987                           Tampa, FL   33607
                                              Tel: 813-223-7000
*Counsel for Plaintiff Robert N. Markland*    Fax: 813-229-4133

                                              *Counsel for Defendant Insys Therapeutics, Inc.*