**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ROBERT N. MARKLAND, as the Personal
Representative of the Estate of CAROLYN
S. MARKLAND, Deceased,

    Plaintiff,

v.

                              Case No.: 3:16-cv-997-J-34-PDB

INSYS THERAPEUTICS, INC.,
a Delaware Corporation,

    Defendant.
_____/

**DEFENDANT INSYS THERAPEUTICS, INC.'S
REPLY IN SUPPORT OF ITS AMENDED MOTION TO DISMISS**

    In its Amended Motion to Dismiss (Dkt. 15), Insys demonstrated that Plaintiff's claim for negligent marketing is not viable under Florida law for several independent reasons. Among these, Insys showed that Plaintiff's claim is barred because it is based on an alleged violation of the FDCA, under which no private right of action exists. (Id. at 11-15). Additionally, any duty Insys had was discharged under the learned intermediary doctrine because the Subsys warnings were adequate as a matter of law. (Id. at 21-25).

    In response (Dkt. 23), Plaintiff raises new issues for which he either misapprehends or ignores the law. Plaintiff's response vacillates between alleging a non-defect claim based on off-label promotion prohibited by the FDCA—in which case it is barred as an improper private right of action—and alleging a defect claim based on a failure to warn—in which case it is barred by the learned intermediary doctrine. Either way, the claim fails and should be dismissed with prejudice.

- 2 -

### I. PLAINTIFF CANNOT RELY ON AN ALLEGED VIOLATION OF THE FDCA TO STATE A CLAIM UNDER FLORIDA LAW.

Plaintiff argues that he is not suing Insys because it allegedly violated the FDCA by promoting the off-label use of Subsys; rather he is relying on this alleged violation only as evidence of Insys' negligence. (See Dkt. 23 at 11-13). However, Florida law expressly precludes a plaintiff from relying on a violation of the FDCA as evidence of liability for a negligence claim.

Under Florida law, "[i]n the absence of evidence 'of a legislative intent to create a private cause of action,' violation of a statute creates no civil liability." Blinn v. Smith & Nephew Richards, Inc., 55 F. Supp. 2d 1353, 1361 (M.D. Fla. 1999) (quoting Murthy v. N. Sinha Corp., 644 So. 2d 983, 985-86 (Fla. 1994)). As a result, a long line of cases hold that Florida law bars negligence claims that rely on alleged FDCA violations to demonstrate negligence, regardless of whether the claim is styled as simple negligence or negligence per se. See, e.g., McClelland v. Medtronic, Inc., 944 F. Supp. 2d 1193, 1200 (M.D. Fla. 2013) (granting motion to dismiss with prejudice and rejecting plaintiff's attempt to "recast a claim for violation of the FDCA as a state law negligence claim" because, despite the change in name from negligence per se to simple negligence, "the thrust" of the plaintiff's claim was still that the defendant violated the FDCA); Rounds v. Genzyme Corp., 2010 WL 5297180, at *3 (M.D. Fla. 2010) (granting motion to dismiss claim plaintiff framed as "simple negligence" because "the claim appear[ed] premised on the defendant's failure to comply with an FDA requirement for marketing, promoting, packaging, and training," and "the complaint (favorably construed) amount[ed] to no more than a per se negligence claim based on the defendant's violation of the FDCA and FDA . . . , which . . . the law prohibits"); see

also Metz v. Wyeth, LLC, 872 F. Supp. 2d 1335, 1343 n.9 (M.D. Fla. 2012) ("[A] private action alleging that [a pharmaceutical manufacturer] breached an independent duty to [p]laintiffs by failing to abide by FDA requirements must be dismissed."), aff'd 525 Fed. App'x 893 (11th Cir. 2013). Plaintiff's attempt to "recast [his] claim . . . as a . . . negligence claim" must fail. See McClelland, 944 F. Supp. at 1200.

In attempting to bypass this bar, Plaintiff admits that "the crux" of his claim is that Insys was negligent because it "aggressively promoted an extremely dangerous drug for an unsafe and unreasonable use," but argues that he alleges that such action violated the FDCA only as "context." (Dkt. 23 at 12). But the Complaint clearly demonstrates that "the thrust" or "the crux" of his claim is that Insys was negligent because it promoted Subsys for off-label use allegedly in violation of the FDCA. (See, e.g., Dkt. 2 ¶¶ 8, 18, , 26, 28, 29, 30, 31, 32, 33). As the court explained in McClelland, so long as a plaintiff is suing because the defendant's conduct allegedly violates the FDCA—i.e., where "the thrust" of the claim is that the defendant was negligent because it violated the FDCA—such a claim is barred. McClelland, 944 F. Supp. at 1200. Plaintiff's claim thus constitutes an improper attempt to enforce a private right of action under the FDCA and is barred under Florida law.[1]

---

[1] Rounds is particularly instructive. The plaintiffs alleged that the manufacturer of Carticel was negligent for several reasons, including that it failed to implement a training program for physicians regarding the effective use of Carticel, failed to provide "truthful" information to physicians about Carticel, and "promoted and marketed" Carticel in violation of the FDCA. Rounds, 2010 WL 5297180, at *1. Notably, as is the case here, the plaintiffs did not allege any defect in the product. Id. at *2. The court thus concluded that the claim essentially was only a prohibited "per se negligence claim based on the defendant's violation of the FDCA and FDA." Id. at *3.

In contrast, Plaintiff's reliance on Hosler v. Alcon Labs., Inc., 2012 WL 4792983 (S.D. Fla. 2012), is misplaced. Unlike here, the plaintiffs' allegations of negligence related

- 4 -

## II.   THE SUBSYS WARNINGS WERE ADEQUATE AS A MATTER OF LAW.

Even if "the crux" of Plaintiff's claim was not based on an alleged FDCA violation, and if Plaintiff actually alleged that Subsys was defective, the claim still fails.  Pleaded this way, Plaintiff's claim would be for failure to warn.  Cf. Connolly v. Sandoz Pharm. Corp., 2014 WL 12480025, at *6 (N.D. Ga. 2014) (concluding that the plaintiff's so-called state law claims alleging fraudulent marketing and promotion of prescription drugs based on off-label use were "in essence" a claim for failure to warn that required dismissal with prejudice). Under Florida's learned intermediary doctrine, however, a prescription drug manufacturer's duty is discharged by an adequate warning given to the prescribing physician.  Buckner v. Allergan Pharm., 400 So. 2d 820, 822 (Fla. 5th DCA 1981).  Insys discharged any duty it had by clearly and unambiguously warning of the very risk that allegedly led to Ms. Markland's death—respiratory distress—in the FDA package insert and Medication Guide for Subsys. (Dkt. 15 at 21-25).  Notably, Plaintiff does not dispute that the Subsys warnings unambiguously warned of the very harm allegedly suffered here. (Dkt. 23 at 20-21).

Instead, Plaintiff tries to sidestep this rule by claiming that the learned intermediary doctrine is an "affirmative defense that cannot be resolved on a motion to dismiss," and "the adequacy of drug warnings is ordinarily a question of fact for a jury."  (Id. at 20-21).

---

to off-label promotion included an alleged injury resulting from a product defect—the drug manufacturer's complete failure to warn.  Id. at *3-4.  For this reason, the district court agreed that their claim was only "based in part" on an alleged violation of the FDCA.  Id. at *12.  Moreover, it is worth noting that in reaching this conclusion, the district court did not cite any Florida law on this point; it relied only on one Massachusetts case.  Id.

109217016.7

Plaintiff is mistaken.[2] In fact, the Eleventh Circuit has repeatedly affirmed orders that determine – **on the pleadings** – that a warning is adequate. These cases properly dismissed claims under the precise circumstances here: a warning in a drug's FDA labeling clearly and unambiguously put physicians on notice of the possibility that someone who ingests the drug will experience the harm of which the plaintiff complains. See Rounds I, 2011 WL 692218, at *2-3 (granting motion to dismiss defect claim where FDA package insert, of which district court took judicial notice, specifically warned of risk alleged); Rounds II, 440 Fed. App'x at 755-56 (affirming Rounds I); Guarino, 719 F.3d at 1250 (same).[3]

Thus, no matter how Plaintiff attempts to frame his claim—as a negligence claim based on Insys' alleged off-label promotion in violation of the FDCA, or as a defect claim based on the failure to warn of an unreasonably dangerous product—it fails. As a result, Plaintiff's Complaint should be dismissed with prejudice.

---

[2]Conspicuously absent from Plaintiff's argument (Dkt. 23 at 21-22) is a single citation to the myriad Florida cases holding that a warning is adequate as a matter of law when it warns of the possibility of the adverse event experienced by the plaintiff. See, e.g., Felix v. Hoffmann-LaRoche, 540 So. 2d 102, 105 (Fla. 1989); Rounds v. Genzyme Corp., 2011 WL 692218, at *2-3 (M.D. Fla. 2011) ("Rounds I"), aff'd, 440 Fed. App'x 753, 755-56 (11th Cir. 2011) ("Rounds II"); Guarino v. Wyeth, 719 F.3d 1245, 1250 (11th Cir. 2013); Wolicki-Gables v. Arrow Int'l, Inc., 641 F. Supp. 2d 1270, 1286-87 (M.D. Fla. 2009); Colville v. Pharmacia & Upjohn Co., 565 F. Supp. 2d 1314, 1321 (N.D. Fla. 2008).

[3]In both Rounds and Guarino, the courts followed the uniform rule and took judicial notice of FDA labeling. Indeed, in affirming the dismissal in Rounds I, the Eleventh Circuit relied upon the same FDA package insert, filed by the manufacturer in support of its motion to dismiss, upon which the district court had relied. Rounds II, 440 Fed. App'x at 754.

Respectfully Submitted,

**CARLTON FIELDS JORDEN BURT, P.A.**

*/s/ Adam P. Schwartz*
Adam P. Schwartz
Florida Bar Number: 83178
aschwartz@carltonfields.com
Mariko Shitama Outman
Florida Bar Number: 106681
msoutman@carltonfields.com
4221 W. Boy Scout Boulevard
Tampa, FL  33607
Tel: 813-223-7000
Fax: 813-229-4133
***Counsel for Defendant Insys Therapeutics, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send notification to all counsel of record.

*/s/ Adam P. Schwartz*
Adam P. Schwartz